IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No.:

KYLE KOPITKE, GREG BUSCEMI, and
WILLIAM CLARK,

          Plaintiffs,

v.

KAREN BRINSON BELL in her official
capacity as Executive Director of the North
Carolina State Board of Elections,

          Defendant.

**COMPLAINT**

**COME NOW**, Plaintiffs, **KYLE KOPITKE, GREG BUSCEMI,** and **WILLIAM CLARK** by and through the undersigned counsel, complaining of Defendant **KAREN BRINSON BELL** in her official capacity as Executive Director of the North Carolina State Board of Elections (herein referred to as "Defendant" or "State" as the context requires) and hereby allege and say:

## ACTION, JURISDICTION, AND VENUE

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiff KYLE KOPITKE is not a registered voter in North Carolina but desires to be on the North Carolina ballot as an independent or write-in candidate for President of the United States in the 2020 general election.

5. Plaintiff GREG BUSCEMI is a registered voter in North Carolina who desires to be an independent/unaffiliated or write-in candidate for the office of U.S. Representative for North Carolina's 7th District.

6. Plaintiff WILLIAM CLARK is a registered voter in North Carolina who desires to be able to cast write-in votes for all offices.

7. Defendant KAREN BRINSON BELL is the Executive Director of the North Carolina State Board of Elections.

8. The NORTH CAROLINA STATE BOARD OF ELECTIONS, "NCBOE," is the State agency established for the purposes of administering North Carolina's election laws.

## GENERAL ALLEGATIONS

9. Plaintiffs have been required to engage attorneys and to compensate them for their services.

10. Plaintiffs have been or will be injured by the application of the offensive statutes whose provisions are challenged herein.

## COUNT I

**North Carolina's Requirements for Ballot Access by "Unaffiliated" Candidates Imposes Unconstitutional Burdens on Candidates**

11. N.C. Gen. Stat. (herein "NCGS") §163A-1005 (2018) provides, in relevant part:

(a) Procedure for Having Name Printed on Ballot as Unaffiliated Candidate. - Any qualified voter who seeks to have his name printed on the general election ballot as an unaffiliated candidate shall:

**(1)** If the office is a statewide office, file written petitions with the State Board of Elections supporting the voter's candidacy for a specified office. These petitions must be filed with the State Board of Elections on or before 12:00 noon on the day of the primary election and must be signed by qualified voters of the State equal in number to one and one half (1.5%) of the total number of voters who voted in the most recent general election for Governor. …

**(2)** Except as provided in this subsection, if the office is a district office under the jurisdiction of the State Board under G.S. 163A-1171(b), file written petitions with the State Board supporting that voter's candidacy for a specified office. For district offices other than General Assembly seats, petitions must be filed with the State Board on or before 12:00 noon on the day of the primary election and must be signed by qualified voters of the district equal in number to one and a half percent (1.5%) of the total number of registered voters in the district as reflected by the voter registration records of the State Board as of January 1 of the year in which the general election is to be held.

12. Unaffiliated Candidates can only achieve ballot inclusion by satisfying the petition requirements of NCGS §163A-1005.

13. Candidates who are unable to satisfy the requirement of §163A-1005 can only campaign as write-in candidates.

14. For the 2020 general election, NCGS §163A-1005(a)(1) requires an Unaffiliated Candidate for statewide office to file petitions containing the signatures of at least 71,545 qualified voters.

15. For the 2020 general election, NCGS §163A-1005(a)(2) requires an Unaffiliated Candidate for U.S. Representative for North Carolina's 7th District to file petitions containing signatures of an amount in excess of the number of signatures required to form a new political party.

16. The numbers of petition signatures required by application of NCGS 163A-2005(a)(1)-(2) are greater than are necessary to serve a specific State interest regulating the ballot or ballot access on the part of candidates for President or U.S. Representative.

17. As a direct and proximate result of the Defendant's enforcement of the above statutes and other statutes referenced herein Plaintiffs have been and/or will be harmed.

18. NCGS §163A-950 (2018) provides, in relevant part:

   (a) Definition. -- A political party within the meaning of the election laws of this State shall be one of the following:

> ...
>
> **(2)** Any group of voters which shall have filed with the State Board petitions for the formulation of a new political party which are signed by registered and qualified voters in this State equal in number to one-quarter of one percent (0.25%) of the total number of voters who voted in the most recent general election for Governor. Also the petition must be signed by at least 200 registered voters from each of three congressional districts in North Carolina. To be effective, the petitioners must file their petitions with the State Board before 12:00 noon on the first day of June preceding the day on which is to be held the first general State election in which the new political party desires to participate. The State Board shall forthwith determine the sufficiency of petitions filed with it and shall immediately communicate its determination to the State chair of the proposed new political party.

19. For purposes of the 2020 general election, petitions containing the signatures of at least 11,924 qualified voters are required to become a recognized political party.

20. North Carolina cannot constitutionally establish greater ballot inclusion petition signature requirements on Unaffiliated Candidates for any office than are required to establish a new political party and become the candidate of that party.

## COUNT I-A

### NC's Requirements for Ballot Access by "Unaffiliated" Candidates Imposes Unconstitutional Burdens on Candidate KYLE KOPITKE

21. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18 and further allege as follows:

22. For purposes of NCGS §163A-1005(a)(1) the office of President of the United States is deemed to be a statewide office.

23. For purposes of NCGS §163A-1005, a "qualified voter" is someone who satisfies the statutory requirements to vote in North Carolina and has registered to vote.

24. Plaintiff Kyle Kopitke is a resident of Michigan where he is registered to vote and he is, therefore, not a "qualified voter" in North Carolina.

25. The "qualified voter" requirement of NCGS §163A-1005 precludes anyone who is not a resident of North Carolina at the time signature petitions are due to be filed from becoming an Unaffiliated Candidate for any office.

26. The signature requirement of NCGS §163A-1005(a)(1) to become a candidate for statewide office is in excess of six (6) times the petition signature requirement to become a recognized political party.

27. Only one Unaffiliated Candidate for statewide office in North Carolina – billionaire Presidential candidate Ross Perot in 1992 – has ever satisfied the applicable petition signature requirements when they exceed 40,000 petition signatures.

28. NCGS §163A-1005(a)(1) imposes a severe burden on Unaffiliated Candidates for statewide office.

29. The number of petition signatures required by NCGS §163A-1005(a)(1) to be an Unaffiliated Candidate for U.S. President is not necessary to serve any specific state interest.

30. Any state interest in requiring candidates for U.S. President to qualify to have their names on the general election ballot can be satisfied by requiring fewer signatures than are required by NCGS §163A-1005(a)(1)

31. The petition signature requirement of NCGS §163A-1005(a)(1) is so burdensome that it effectively requires an Unaffiliated Candidate for statewide office to run as a write-in candidate by satisfying the requirements of NCGS §163A-1005.

32. By its terms, NCGS §163A-1005 only applies to "qualified voters" who wish to be Unaffiliated Candidates.

33. The U.S. Constitution establishes the exclusive requirements for federal office.

34. States may not constitutionally impose candidacy requirements not expressly provided for in the U. S. Constitution.

35. Being a "qualified voter" in North Carolina is not a Constitutionality permitted requirement to be an Unaffiliated Candidate for federal office.

36. **WHEREFORE**, Plaintiffs ask that the court enter its judgment:

   (a) Finding that the petition signature requirement of NCGS §163A-1005(a)(1) imposes an unconstitutional burden on Unaffiliated Candidates for the office of U.S. President.

   (b) Finding that the requirements of NCGS §163A-1005(a) is unconstitutional to the extent that it requires Unaffiliated Candidates for U.S. President to be "qualified voters" in North Carolina.

   (c) Directing Defendant to include KYLE KOPITKE on the ballot for the 2020 general election as a candidate for U.S. President.

   (d) Awarding Plaintiffs' attorney's fees and costs.

## COUNT I-B

**North Carolina's Requirements for Ballot Access by "Unaffiliated" Candidates Imposes Unconstitutional Burdens on Candidate GREG BUSCEMI**

37. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18 and further allege as follows:

38. For the 2020 general election, NCGS §163A-1005(a)(2) requires an Unaffiliated Candidate for U.S. Representative for North Carolina's 7th District to file petitions containing more signatures than are required to form a new political party pursuant to NCGS §163A-950(a)(2).

39. The signature requirements of NCGS §163A-1005(a)(2) are not necessary to serve and legitimate State interest.

40. **WHEREFORE**, Plaintiffs ask that the court enter its judgment:

(a) Finding that the petition signature requirement of NCGS §163A-1005(a)(1) imposes an unconstitutional burden on Unaffiliated Candidates for the office of U.S. Representative for North Carolina's 7th District.

(b) Directing Defendant to include GREG BUSCEMI on the ballot for the 2020 general election as a candidate for U.S. Rep. for North Carolina's 7th District.

(c) Awarding Plaintiffs' attorney's fees and costs.

## COUNT II

### Petition Requirement for Write-in Candidates is Unconstitutional

41. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 8 and further allege as follows:

42. NCGS §163A-1006 provides in relevant part:

(a) Procedure for Qualifying as a Write-In Candidate. - Any qualified voter who seeks to have write-in votes for him counted in a general election shall file a declaration of intent in accordance with subsection (b) of this section and petition(s) in accordance with subsection (c) of this section.

(b) …

(c) Petitions for Write-in Candidacy. - An applicant for write-in candidacy shall:

**(1)** If the office is a statewide office, file written petitions with the State Board supporting his candidacy for a specified office. These petitions shall be filed on or before noon on the 90th day before the general election. They shall be signed by 500 qualified voters of the State. No later than 5:00 p.m. on the fifteenth day preceding the date the petitions are due to be filed with the State Board, each petition shall be presented to the board of elections of the county in which the signatures were obtained. …

**(2)** If the office is a district office under the jurisdiction of the State Board under G.S. 163A-1171(b), file written petitions with the State Board supporting that applicant's candidacy for a specified office. These petitions must be filed with the State Board on or before noon on the 90th day before the general election and must be signed by 250 qualified voters.

43. NCGS §163A-1112 provides, in relevant part:

   (a) Except as provided in this section, each official ballot shall contain all the following elements:

   …

   **(5)** A means by which the voter may cast write-in votes, as provided in G.S. 163A-1006. No space for write-ins is required unless a write-in candidate has qualified under G.S. 163A-1006 or unless the ballot item is exempt from G.S. 163A-1006. Pursuant to NCGS §163A-1112, no space for a write-in candidate is included on the ballot unless a candidate has complied with the petition provisions of NCGS §163A-1006.

44. Voting for the candidate of one's choice is a fundamental constitutional right.

45. Voters can only cast a vote for one candidate for any specific office.

46. If any candidate for office qualifies as a write-in candidate, the write-in space can be used by voters desiring to cast a write-in vote for any other candidate for that office.

47. North Carolina has the capacity to count all write-in votes.

48. Write-in votes for candidates who have not satisfied the requirements of NCGS §163A-1006 are not counted.

49. Every voter has a constitutional right to have his vote counted.

50. Unaffiliated Candidates who cannot satisfy the requirements of NCGS §163A-1005(a)(1) or (2) can only qualify for election as write-in candidates.

51. A write-in candidacy is not a constitutionally sufficient substitute for having a candidate's name on the ballot.

52. No legitimate State interest is served by Defendant's refusal to count the votes of voters who cast a write-in vote for a candidate who has not satisfied the requirements of NCGS §163A-1006.

53. **WHEREFORE**, Plaintiffs ask that the court enter its judgment:

(a) Finding that NCGS §163A-1006 imposes an unconstitutional requirement on write-in candidates and unconstitutionally interferes with the right of voters who cast a write-in vote for candidates who have not satisfied the requirement of NCGS §163A-1006 to have their votes counted.

(b) Enjoining Defendant from refusing to count write-in votes for candidates why have failed to satisfy the requirements of NCGS §163A-1006.

(c) Awarding Plaintiffs' attorney's fees and costs.

## COUNT III

**The Petition FILING DEADLINE for Unaffiliated Candidates is Unconstitutional**

54. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 8 and further allege as follows:

55. Pursuant to NCGS §163A-1005, Unaffiliated candidates must file their petitions by the date of the primary election.

56. Pursuant to NCGS §163A-700:

> (b) On Tuesday next after the first Monday in March preceding each general election to be held in November for the officers referred to in subsection (a) of this section, there shall be held in all election precincts within the territory for which the officers are to be elected a primary election for the purpose of nominating candidates for each political party in the State for those offices.

57. In its pre-2017 amendment form, NCGS §163A-1005 (then NCGS §163-122) provided that Unaffiliated Candidate petitions did not have to be filed until "the last Friday in June preceding the general election."

58. Allowing Unaffiliated Candidate until the last day of June to file petitions did not result in any significant problems for Defendant.

59. Changing the Unaffiliated Candidate filing deadline to the date established by NCGS §163A-1005:

(a) Was not necessary to serve any legitimate State interest.

(b) Imposes a severe burden on Unaffiliated Candidates.

60. NCGS §163A-1005(e) provides that:

"Any candidate seeking to have that candidate's name printed on the general election ballot under this section shall pay a filing fee equal to that provided for candidates for the office in G.S. 163A-979 or comply with the alternative available to candidates for the office in G.S. 163A-980."

61. Both NSGS §163A-979 (which establishes filing fees) and NSGS §163A-980 (which established petition signature) either directly or through reference to other statutes, establish filing deadlines no later than December of the year preceding the general election.

62. The State has no legitimate justification for requiring Unaffiliated Candidates to complete any action with respect to qualifying for inclusion on the general election ballot by the dates applicable to NSGS §163A-979 and §163A-980.

63. **WHEREFORE**, Plaintiffs ask that the court enter its judgment:

(a) Finding that the statutory deadlines for all filings by Unaffiliated Candidates imposes an unconstitutional requirement.

(b) Enjoining Defendant from enforcing the filing deadlines established by NCGS §163A-1005(a)(1)-(2) and for NCGS §163A-979 and §163A-980.

(c) Awarding Plaintiffs' attorneys fees and costs.

*/s/ Gregory A. Buscemi*
GREGORY A. BUSCEMI
N.C. State Bar No.: 52054
Attorney for Plaintiffs
BUSCEMI LAW, PLLC
530 Causeway Dr., Ste. F-1
Wrightsville Beach, NC 28480
T: (910) 477-3742
F: (910) 208-0373
E: gbuscemi@wilmlaw.com
